# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **REBECCA CORCORAN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**EMCARA HEALTH, LLC**, a Delaware limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:23-cv-019<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **REBECCA CORCORAN** ("**CORCORAN**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) and Florida law for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, and (3) retaliation in violation of F.S. §440.205.

## PARTIES

2. The Plaintiff, **REBECCA CORCORAN** ("**CORCORAN**") is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida. **CORCORAN** performed work for the Defendant in Charlotte

1

County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **CORCORAN** was an employee within the contemplation of the FMLA and F.S. §440.205.

3. Defendant, **EMCARA HEALTH, LLC** ("Defendant") is a Delaware limited liability company, and employed **CORCORAN** in Charlotte County, Florida.

4. The Defendant employs in excess of 50 employees, and was **CORCORAN**'s employer within the meaning of the FMLA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Charlotte County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **CORCORAN** began her employment with the Defendant on or about November 5, 2018, and was employed as a clinical resource nurse practitioner. She was born in 1962.

8. **CORCORAN** performed her assigned duties in a professional manner and was very well qualified for her position despite her serious health conditions, disabilities, worker's compensation claim and age.

9. In 2019, **CORCORAN** was involved in an automobile accident while at work, which resulted in a worker's compensation claim being opened.

10. As a result of the automobile accident, **CORCORAN** required significant medical treatment, which has continued to the present and which worker's compensation claim remains open.

11. In addition to her worker's compensation-related medical conditions, **CORCORAN** was diagnosed with cancer and began requiring intermittent FMLA leave in July 2021.

12. **CORCORAN**'s intermittent FMLA leave ended in or about November 2021 and, shortly thereafter, the Defendant changed its executive management.

13. On or about December 25, 2021, **CORCORAN** applied for an open management position, which would have been a promotion.

14. On or about May 3, 2022, **CORCORAN**'s new manager approached her and began quizzing her on her FMLA status and the status of her open worker's compensation claim.

15. During that May 3rd meeting, **CORCORAN** disclosed that she still had a cancer diagnosis and that she would need to continue attending

appointments at Moffitt Cancer Center, and thus utilize intermittent FMLA. She also disclosed that her worker's compensation claim remained open.

16. The Defendant then denied **CORCORAN**'s application for the management position and instead hired an under-qualified, much younger, male for the position. **CORCORAN** was objectively more qualified than the much younger, male that was hired for the position over her.

17. Upon information and belief, no other women over the age of 40 were interviewed for the management position **CORCORAN** applied for, and the Defendant has also recently hired additional much younger, male employees for management positions.

18. The Defendant then terminated **CORCORAN** on May 19, 2022, just 16-days after she disclosed her need for further intermittent FMLA leave and her ongoing worker's compensation claim.

19. The Defendant had not issued **CORCORAN** any warnings, discipline or critiques regarding her work performance prior to May 3, 2022.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

20. The Plaintiff hereby incorporates by reference Paragraphs 1-19 in this Count by reference as though fully set forth below.

21. **CORCORAN** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she began suffering from a serious health

condition, **CORCORAN** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

22. **CORCORAN** informed the Defendant of her likely need for leave for her serious health condition.

23. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

24. If the Defendant were to have decided that **CORCORAN**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

25. The Defendant has never provided **CORCORAN** with any notice disqualifying her FMLA leave.

26. In fact, the Defendant should have determined that **CORCORAN** was eligible for leave under the FMLA and yet refused to allow her leave.

27. **CORCORAN** engaged in activity protected by the FMLA when she requested leave due to her serious health conditions, consistently informing the Defendant of the same.

28.  The Defendant knew, or should have known, that **CORCORAN** was exercising her rights under the FMLA and was aware of **CORCORAN**'s need for FMLA-protected absence.

29.  **CORCORAN** complied with all of the notice and due diligence requirements of the FMLA.

30.  The Defendant was obligated, but failed, to allow **CORCORAN** to take FMLA leave and to return **CORCORAN**, an employee who requested FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

31.  As a result of the above-described violations of FMLA, **CORCORAN** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

32. The Plaintiff hereby incorporates by reference Paragraphs 1-19 in this Count by reference as though fully set forth below.

33. **CORCORAN** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **CORCORAN** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

34. **CORCORAN** informed the Defendant of her need for leave due to her serious health conditions.

35. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

36. If the Defendant were to have decided that **CORCORAN**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

37. The Defendant has never provided **CORCORAN** with any notice disqualifying her FMLA leave.

7

38. In fact, the Defendant determined that **CORCORAN** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and required reinstatement.

39. **CORCORAN** engaged in activity protected by the **FMLA** when she requested leave due to her serious health conditions, consistently informing the Defendant of the same.

40. The Defendant knew that **CORCORAN** was exercising her rights under the FMLA.

41. **CORCORAN** complied with all of the notice and due diligence requirements of the FMLA.

42. A causal connection exists between **CORCORAN**'s request for FMLA-protected leave and required reinstatement and the Defendant's termination of her employment.

43. The Defendant retaliated by altering the terms and conditions of **CORCORAN**'s employment by terminating **CORCORAN**'s employment because she engaged in the statutorily protected activity of requesting and taking FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

44. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **CORCORAN**'s employment because she engaged in activity protected by the FMLA. As a result of the above-described

8

violations of FMLA, **CORCORAN** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT III – UNLAWFUL RETALIATION AND WRONGFUL DISCHARGE UNDER F.S. § 440.205, WORKER'S COMPENSATION RETALIATION

45. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

46. **CORCORAN** was injured on the job and required ongoing medical treatment.

47. **CORCORAN** promptly reported the worker's compensation injury to the Defendant and a worker's compensation claim was filed.

48. **CORCORAN** required ongoing and future medical treatment, which was compensable due to her injury occurring in the workplace.

49. Prior to her termination, **CORCORAN** required future leave in order to receive treatment for her workplace injury.

50. The Defendant then terminated **CORCORAN** as a direct result of the same.

51. Prior to her worker's compensation injury, **CORCORAN** had received consistently good performance reviews and had not been subjected to discipline.

52. **CORCORAN**'s filing of a worker's compensation claim, workplace injury and need for treatment for her workplace injury are the direct and proximate causes of the Defendant's termination of her employment.

53. As a direct and proximate result of the Defendant's actions that violate Florida Statute § 440.105, **CORCORAN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with back pay, front pay, non-economic damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **REBECCA CORCORAN**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: January 10, 2023     **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com